IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMANTHA BUCHANAN, and STEVEN BUCHANAN,<br><br>               Plaintiffs,<br><br>vs.<br><br>MORTON SULLIVAN,<br><br>               Defendant. | 8:20-CV-301<br><br>**MEMORANDUM AND ORDER** |

## I.  INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for a Preliminary Injunction, Filing 5, and Defendant's Motion to Dismiss, Filing 9. This case arises out of Defendant's, Morton Sullivan's, use of a machine telephone dialing system to make unsolicited prerecorded calls to Plaintiffs, Samantha and Steven Buchanan, which the Buchanans allege violates the Telephone Consumer Protection Act ("TCPA"). Filing 1 at 6 (citing 47 U.S.C. § 227(b)). For the reasons stated herein, the Court denies Sullivan's Motion to Dismiss and orders Sullivan to respond to the Buchanans' Motion for Preliminary Injunction.

## II.  BACKGROUND

Steven Buchanan owns, operates, and founded Bucky's Express gas stations. Filing 1 at 2. The Buchanans allege Sullivan has engaged in a campaign to harass them personally and to damage and harass Steven's business, as he has repeatedly done before. Filing 1 at 2 (noting Sullivan's "long history . . . of harassing, extorting, and defaming residents and businesses in Nebraska through the use of automatic telephone dialing systems"). Part of this campaign involves Sullivan's website at http://buckysgasstationsucks.com ("the website"), which makes various allegations against Steven and Bucky's; encourages members of the public to contact the

1

Buchanans, their neighbors, and others they are affiliated with; and notes that the Buchanans and others will be contacted daily and nightly regarding Sullivan's grievances. Filing 1 at 2-3. At issue here, the Buchanans allege Sullivan used an automatic telephone dialing system to call their cellular phones and leave unsolicited prerecorded messages on approximately seventy-five occasions. Filing 1 at 4. Further, they allege Sullivan states on the website, "WE ARE GOING TO NOTIFY EVERYONE OF HIS NEIGHBORS AND ALL HIS BUSINESSES, AND IF THE PUBLIC GETS THE COVAR-19 [sic] AT ONE OF STEVE BUCHANAN'S GAS STATIONS . . . WE . . . WILL BE CONTACTING ALL OF THEM WITH OUR FAXTEL 2000 SYSTEM . . . ." Filing 1 at 5.

The Buchanans' claim for relief centers on the calls made to their cell phones. *See* Filing 1 at 6. They allege each call constituted two violations of the TCPA, one for using an automated dialer and one for using a prerecorded voice. Filing 1 at 6. In relevant part, the TPCA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
>
> . . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

47 U.S.C. § 227(b)(1). The Buchanans seek damages authorized under § 227(b)(3) and an order enjoining Sullivan and his affiliates from making such calls in the future. Filing 1 at 7. Sullivan moves to dismiss the Complaint for failing to state a claim upon which relief can be granted and a lack of subject matter jurisdiction. Filing 9 at 1

## III. ANALYSIS

### A. Standards of Review

*1. Lack of Subject-Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1)*

"Rule 12(b)(1) . . . governs challenges to subject matter jurisdiction." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1),[1] the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, the court presumes all of the factual allegations concerning jurisdiction to be true and will grant the motion only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Young Am. Corp. v. Affiliated Comput. Servs. (ACS), Inc.*, 424 F.3d 840, 843–44 (8th Cir. 2005) (citing *Titus*, 4 F.3d at 593). In a factual challenge to jurisdiction, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn*, 918 F.2d at 730.

When the complaint is factually challenged, "[t]he plaintiff bears 'the burden of proving the existence of subject matter jurisdiction,' and [the court] may look at materials 'outside the pleadings'" when determining whether it has jurisdiction. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (quoting *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)). "[N]o presumptive truthfulness attaches to [the plaintiff's] allegations, and the existence of disputed material facts will not preclude [the court] from evaluating . . . the merits of jurisdictional claims." *Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 861 (8th Cir. 2013) (citing *Osborn*, 918 F.2d at 730). "It is the court's duty to 'decide the jurisdictional issue, not simply rule

---

[1] A motion to dismiss for lack of subject-matter jurisdiction may be asserted at any time. Fed. R. Civ. P. 12(h)(3); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434, 131 S. Ct. 1197, 179 L. Ed. 2d 159 (2011).

3

that there is or is not enough evidence to have a trial on the issue.'" Buckler, 919 F.3d at 1044 (quoting Osborn, 918 F.2d 724).

### 2. Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Corrado v. Life Inv'rs Ins. Co. of Am., 804 F.3d 915, 917 (8th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Barton v. Taber, 820 F.3d 958, 964 (8th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 192 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." McDonough v. Anoka Cty., 799 F.3d 931, 945 (8th Cir. 2015) (citations omitted) (quoting Iqbal, 556 U.S. at 678). "When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." Ashford v. Douglas Cty., 880 F.3d 990, 992 (8th Cir. 2018) (quoting Smithrud v. City of St. Paul, 746 F.3d 391, 395 (8th Cir. 2014))

### B. Subject Matter Jurisdiction

Sullivan first asserts the Court lacks subject-matter jurisdiction but advances no argument to support this claim. Filing 9 at 1; *see* Filing 9-1. The Court has federal-question jurisdiction over claims made under the TCPA pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 387, 132 S. Ct. 740, 753, 181 L.Ed.2d 881 (2012) ("Nothing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331."). The Buchanans' Complaint sets forth a claim under the TCPA. Filing 1 at 1. The Court therefore has federal question jurisdiction.

### C. Failure to State a Claim

In support of his motion to dismiss for failure to state a claim, Sullivan argues his calls were not made using an "automatic telephone dialing system"; that enforcement of the TCPA here would impermissibly infringe on his First Amendment rights; and that the calls made were not for the purpose of solicitation, sale, or promotion. Filing 9-1 at 2-4. At no point, however, does he say how the Buchanans failed to state a claim or establish a prima facie violation of the statute. *See* Filing 9-1.

Sullivan argues that his Faxtel 2000 is no longer an "automatic telephone dialing system" because replacement parts are unavailable for the thirty-five-year-old equipment, and in its current state, it lacks the capacity to "to store or produce telephone numbers to be called, using a random or sequential number generator." Filing 9-1 at 3 (quoting 47 U.S.C. § 227(a)(1)). Sullivan claims he must manually input phone numbers he gleans from public records, and then the machine dials them, placing his Faxtel 2000 outside the statutory definition of an automatic system. Filing 9-1 at 3. On a 12(b)(6) motion, the Court accepts all of the nonmovant's factual allegations as true. *McDonough*, 799 F.3d at 945. Sullivan disputes facts asserted by the Buchanans but does not

address whether these facts, as asserted, state a prima facie case demonstrating he violated the statute. *See* Filing 9-1. Even if Sullivan's argument did somehow render the allegation that he used an automated dialer insufficient, it ignores his alleged use of a prerecorded voice on the calls to cellular telephones which is independently sufficient to establish a violation of the statute. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

Sullivan's argument that enforcing the TCPA against him here would impermissibly chill his right to free speech under the First Amendment similarly fails. *See* Filing 9-1 at 4. The First Amendment does not provide a basis for dismissal of the Buchanans' claims for purposes of Rule 12(b)(6). Further, as recently as July of this year, the Supreme Court ruled favorably on the constitutionality of the TCPA provisions at issue here, noting "[a] generally applicable robocall restriction would be permissible under the First Amendment." *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, ___ U.S. ___, 140 S. Ct. 2335, 2355, 207 L. Ed. 2d 784 (2020) (severing the debt-collection exception to the TCPA as unconstitutional, leaving the generally applicable restrictions at issue here intact).

Finally, Sullivan argues that because he was not engaged in telemarketing with his robocalls, but rather merely stating his opinions, he should escape liability. Filing 9-1 at 2, 4. He suggests the TCPA was meant to apply only to telemarketing activities. *See* Filing 9-1 at 2. He offers no statutory basis for this claim, however; he merely invites the Court to look past the plain, unambiguous language of the statute and adopt his narrow interpretation of Congress's intent in drafting it. *See* Filing 9-1 at 2. The Court declines to do so. The TCPA makes clear what elements are required to state a prima facie violation of the statute, and the Buchanans pled facts consistent with each element. *See* 47 U.S.C. § 227(b)(1)(A)(iii); Filing 1. Sullivan presents no argument to the contrary here. *See* Filing 9-1. Accordingly, Sullivan's motion is denied.

### D. Preliminary Injunction

The Buchanans filed a Motion for Preliminary Injunction. Filing 5. Sullivan has not responded to the Buchanans' Motion for a Preliminary Injunction, and the time for doing so has passed. *See* NECivR 7(b)(1)(B) ("A brief opposing any other motion must be filed and served within 14 days after the motion and supporting brief are filed and served."). Nevertheless, because the Court must assess any material factual controversy before ruling on injunctive relief, the Court reserves ruling on the Buchanans' Motion for a Preliminary Injunction. Sullivan is directed to respond to the Buchanans' motion when filing his Answer to the Complaint.

### IV. CONCLUSION

For the foregoing reasons, Sullivan's Motion to Dismiss is denied.

IT IS ORDERED:

1. Defendant's Motion to Dismiss, Filing 9, is denied;

2. Defendant shall respond to Plaintiffs' Motion for a Preliminary Injunction, Filing 5, when filing his first responsive pleading; and

3. The Court reserves ruling on Plaintiffs' Motion for a Preliminary Injunction, Filing 5, until it can determine what, if any, material factual controversy exists.

Dated this 30th day of October, 2020.

BY THE COURT:

Brian C. Buescher
United States District Judge