IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMANTHA BUCHANAN, and STEVEN BUCHANAN,<br><br>                   Plaintiffs,<br><br>    vs.<br><br>MORTON SULLIVAN,<br><br>                   Defendant. | 8:20-CV-301<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on the parties' Joint Motion for Entry of Consent Decree (Filing 43). Defendants ask the Court to adopt, sign, and enter the parties' proposed Consent Decree (Filing 43).

      "Consent decrees should: spring from—and serve to resolve—a dispute within the court's subject-matter jurisdiction; come within the general scope of the case from the pleadings; and, further the objectives of the law on which the complaint was based." *E.E.O.C. v. Prod. Fabricators, Inc.*, 666 F.3d 1170, 1172 (8th Cir. 2012) (citing *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525, 106 S. Ct. 3063, 92 L. Ed. 2d 405 (1986)). "When reviewing a proposed consent decree, the trial court is to review the settlement for fairness, reasonableness, and adequacy." *Id.* (quoting *United States v. Metro. St. Louis Sewer Dist. (MSD)*, 952 F.2d 1040, 1044 (8th Cir. 1992)).

      Here, the Court has reviewed the proposed Consent Decree (Filing 43) and finds the Consent Decree to be fair, reasonable, and adequate in its resolution of the allegations raised in the Complaint (Filing 1). Thus,

    IT IS ORDERED:

    1.  The parties Joint Motion for Settlement (Filing 43) is granted;

2. The Consent Decree, constituting a final judgment for the purposes of Fed. R. Civ. P. 54 and 58, will be separately entered on this date; and

3. The Court shall retain jurisdiction of this matter to enforce the terms of the Consent Decree until the terms of the Consent Decree are fulfilled.

Dated this 1st day of March, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge