IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SAMANTHA BUCHANAN and STEVEN BUCHANAN,

Plaintiffs,

v.

MORTON SULLIVAN,

Defendant.

**Case No. 8:20-cv-301**

**CONSENT DECREE**

THIS MATTER came before the Court upon the Parties' joint request that this Consent Decree be entered, incorporating the terms of a settlement reached between the Parties, as indicated by the undersigned approvals of their respective counsel. The Court finds that this Consent Decree should be entered, under the following terms.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED as follows:

1. This Consent Decree incorporates and orders the Parties to implement the terms and conditions of the Settlement Agreement attached hereto as Exhibit 1.
2. Pursuant to the Parties' Agreement, the Preliminary Injunction entered by this Court on January 15, 2021 (Doc. 32) is converted to a Permanent Injunction.
3. This action is hereby dismissed with prejudice, subject to the Court's continuing jurisdiction as stated below.
4. The Court retains continuing jurisdiction for a period of two years after the entry of this Consent Decree, to enforce the Consent Decree and Permanent Injunction if and when needed. The two-year limitation on this Court's continuing jurisdiction shall in no way prohibit either Party from otherwise seeking to enforce the Consent Decree and/or

Permanent Injunction if and when needed after the expiration of two years.

Dated this 1st day of March, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge

Approved as to form and content:

SAMANTHA BUCHANAN and STEVEN BUCHANAN, Plaintiffs,

By *s/ Robert S. Sherrets*
Robert S. Sherrets, No. 24791
Sherrets Bruno & Vogt LLC
260 Regency Parkway Drive, Suite 200
Omaha, NE 68114
(402) 390-1112

MORTON SULLIVAN, Defendant.

By /s/ Terrence J. Salerno
Terrence J. Salerno, No. 16035
809 North 96th Street, Suite 100
Omaha, NE 68114
(402) 502-9002

# EXHIBIT 1

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("Agreement") is entered into by: Samantha Buchanan ("Samantha"), Steven Buchanan ("Steven"), and Buck's Inc. ("Buck's"), on the one hand, and Morton Sullivan ("Sullivan"), on the other. Samantha, Steven, and Buck's may be referred to collectively as "the Buchanan Parties." All of the above may be referred to collectively as "the Parties."

WHEREAS, Steven and Buck's filed a lawsuit in the District Court of Douglas County, Nebraska at Case No. CI 20-4528 seeking damages and injunctive relief claiming that Sullivan caused them harm by publishing a website located at http://buckysgasstationsucks.com ("the Website") and for making, or causing to be made using an auto-dialer system, phone calls to Samantha, Steven, their neighbors, Buck's stores, among others (the "State Lawsuit"); and,

WHEREAS, Samantha and Steven filed a lawsuit in the United States District Court for the District of Nebraska District Court ("USDC") at Case No. CI 8:20-cv-301 seeking damages and injunctive relief claiming that Sullivan caused them harm by calling their cellular telephones, without consent, using an auto-dialer system and a prerecorded voice (the "Federal Lawsuit");

WHEREAS, Sullivan has denied and continues to deny liability as alleged in the State Lawsuit and Federal Lawsuit; and,

WHEREAS, the Parties now wish to reach a full and final settlement of any and all claims and causes of actions amongst or between them, including those in any way relating to, arising out of, resulting from, or associated with the matters alleged in the State Lawsuit and Federal Lawsuit.

WHEREAS, on January 15, 2021, the USDC entered a Preliminary Injunction Order in the Federal Lawsuit. In addition to his other duties arising hereunder, Sullivan agrees to be fully bound by the terms of the Preliminary Injunction Order and agrees that the USDC should convert the Preliminary Injunction to a Permanent Injunction.

NOW, THEREFORE, in consideration of the recitals, mutual covenants, and releases, and other agreements contained herein, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, intending to be legally bound, hereby stipulate, confirm, and agree as follows:

1. **Website and Telephone Calls**. Sullivan, upon behalf of himself, his affiliates, agents, representatives, and employees, agrees that he will not make, cause to be made, encourage, participate in, direct, fund, or condone any calls, communications, or contacts of any type or sort to, or relating to or mentioning, the Buchanan Parties,

Buchanan Energy, Bucky's, Bucky's Express, their agents, employees, vendors, suppliers, customers, neighbors, stores, family members, successors in interest, or anyone affiliated therewith.

Sullivan, agrees to immediately discontinue the Website so it cannot be access or viewed. Sullivan, upon behalf of himself, his affiliates, agents, representatives, and employees, agrees that he will not create, publish, or post, cause to be created, published, or posted, encourage, participate in, contribute to, direct, fund, or condone any website, or any other medium or platform, relating to or mentioning, the Buchanan Parties, Buchanan Energy, Bucky's, Bucky's Express, their agents, employees, vendors, suppliers, customers, neighbors, stores, family members, successors in interest, or anyone affiliated therewith.

2. **Non-Disparagement.** The Parties agree not to publicly criticize, speak in disparaging terms about, denigrate, or make negative, derogatory, or defamatory statements about any other Party, their predecessors-in-interest, successors-in-interest, heirs and assigns, agents, attorneys, relatives, and representatives. This section shall apply to any and all statements in any mode of communication, including but not limited to all statements made in print or electronic forums, such as Facebook, Twitter, e-mail, blogs, and other electronic or online forums. The terms "disparage," "denigrate," and "derogatory" in all their forms shall mean, without limitation, any negative statement, whether written or oral, electronic, or otherwise.

3. **Consent Decrees.** Upon approval of this Agreement, the Parties shall jointly submit to the District Court of Douglas County, Nebraska and the United States District Court for the District of Nebraska, proposed consent decrees, which are attached as Exhibits A & B ("the Consent Decrees").

4. **Release.** Effective upon the approval of this Agreement and the approval of the Consent Decrees by the respective Courts, the Buchanan Parties release and forever discharge Sullivan from any and all liability, obligations, actions, causes of action, suits, claims, rights, and damages, of any kind whatsoever, whether known or unknown, past or future, that the Buchanan Parties ever had, now have, or in the future may have, including any relating to, arising out of, resulting from, or associated with the matters alleged in the State Lawsuit and the Federal Lawsuit.

Effective upon the approval of this Agreement and the approval of the Consent Decrees by the respective Courts, Sullivan releases and forever discharges the Buchanan Parties and their respective successors, employees, agents, and affiliates from any and all liability, obligations, actions, causes of action, suits, claims, rights, and damages, of any kind whatsoever, whether known or unknown, past or future, that the Buchanan Parties ever had, now have, or in the future may have, including

any relating to, arising out of, resulting from, or associated with the matters alleged in the State Lawsuit and the Federal Lawsuit.

The Parties do not release each other from any duties or obligations arising under this Agreement.

5. **Representations and Warranties**. Each of the Parties to this Agreement acknowledges, agrees, represents and warrants as follows:

   a. The Party has the full right, power, authority, and capacity to enter into this Agreement, and each individual signing this Agreement on behalf of an entity represents and warrants that he or she has the full right, power, authority, and capacity to sign this Agreement on behalf of the entity for which he or she has signed this Agreement.

   b. The Party is executing this Agreement and compromising all claims voluntarily and of the Party's free will without coercion or duress, and this Agreement constitutes a legal, valid, and binding agreement, enforceable against each of them in accordance with its terms.

   c. The Party has neither received nor relied upon any statements, representations, or promises made by any individual or entity, other than those representations and promises that are expressly set forth in this Agreement.

   d. The Party has had an opportunity to review this Agreement with legal counsel regarding the meaning of this Agreement, the obligations imposed by this Agreement, and the legal implications and effect of this Agreement, as well as the advisability of entering into this Agreement.

6. **Entire Agreement; Amendments**. This Agreement and the attached Consent Decrees contain the entire agreement and understanding between the Parties pertaining to the subject matter herein and supersede any and all prior and/or contemporaneous oral or written agreements and understandings, if any, of the Parties in connection therewith. No change, alteration, modification, termination, or amendment of this Agreement shall be effective or binding unless set forth in a written instrument signed by all the Parties.

7. **Severability**. Any term of this Agreement is held invalid or unenforceable to any extent, then the remaining terms of this Agreement shall not be affected thereby, but each term of this Agreement shall be valid and enforced to the fullest extent permitted by law.

8. **Counterparts**. This Agreement may be executed in multiple counterparts and each such fully executed counterpart shall constitute an original, all of which together shall constitute one and the same written agreement, and be binding and effective as to all of the Parties. The exchange of signature pages by facsimile or electronic transmission shall constitute effective execution and delivery of this Agreement by the Parties.

9. **Other Actions**. The Parties agree to execute and deliver instruments and take such other actions as may be reasonably requested by the Parties in order to effectuate and implement the terms set forth in this Agreement.

10. **Confidentiality**. The terms of this Agreement shall remain confidential. No signatory to this Agreement shall disclose to any person in any context any of the terms or conditions of this Agreement, except in response to a subpoena or court order, for tax, accounting, or legal purposes, or to compel compliance with this Agreement.

STEVEN BUCHANAN,

2.24.21

Steven Buchanan Date

BUCK'S INC.

2.24.21

By: Steven Buchanan Date
Its: PRESIDENT

SAMANTHA BUCHANAN,

Samantha Buchanan 2.24.21

Samantha Buchanan Date

MORTON SULLIVAN,

Morton Sullivan 2/24/21

Morton Sullivan Date